# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Patricia Chavez, *on behalf of herself and all others similarly situated,* ) ) ) | Case No. _____ |
| Plaintiff, ) ) | |
| vs. ) ) | **Class Action Complaint and Demand for Jury Trial** |
| Stellar Recovery, Inc. ) ) ) | |
| Defendant. ) ) | |
| _____ ) | |

## NATURE OF ACTION

1. Plaintiff Patricia Chavez ("Plaintiff") brings this putative class action against Stellar Recovery, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

1

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

6. The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

7. The FDCPA creates a broad prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

8. "When a statement has two possible meanings, one of which is inaccurate, the statement has the capacity to deceive consumers, under the least sophisticated consumer standard." *Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008); *see also Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

9. The FDCPA also prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt. *See* 15 U.S.C. § 1692f; *see also Riddle*, 305 F.3d at 1121 ("[defendant] violated the FDCPA because he attempted to collect an amount not permitted by law.").

10. "To illustrate the meaning of this standard, the FDCPA expressly defines a violation of [§ 1692f as] '[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law.'" *Id.* at 1117 (quoting 15 U.S.C. § 1692f(1)).

11. Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard. "[T]he courts consider 'how the least sophisticated consumer— one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon*, 988 F.2d at 1318 ("The

basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

12. Plaintiff is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

13. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

17. Plaintiff's alleged obligation, asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely residential cable or internet services through Comcast (the "Debt").

18. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

19. In connection with the collection of a debt, Defendant sent Plaintiff a collection letter on December 14, 2015.

20. A true and accurate copy of the December 14, 2015 collection letter is attached to this complaint as Exhibit A.

21. The December 14, 2015 letter states that the original creditor is Comcast. Exhibit A.

22. However, the December 14, 2015 letter does not state whether Comcast, Defendant, or a third party is the current creditor of the debt. Exhibit A.

23. Thus, Defendant's December 14, 2015 letter does not clearly convey the name of the creditor to whom the Debt is owed.

24. The December 14, 2015 letter also stated:

> If you choose to pay the amount due by credit/debit card or by check over the telephone, you may be charged a $9.50 convenience fee where permitted by law. In order to avoid the convenience fee in the states where we are permitted to assess it, you may mail your payment directly to our office at 1327 HWY 2 West – Suite 100, Kalispell, MT 59901.

Exhibit A.

25. Upon information and belief, Defendant is not expressly authorized by the agreement creating the Debt to collect a $9.50 convenience fee from Plaintiff.

26. Upon information and belief, the collection of a $9.50 convenience fee is not permitted by law.

27. Further, it is unclear whether payment by credit or debit card is always assessed a convenience fee or if it is only assessed a convenience fee when payments are made over the telephone. *See* Exhibit A.

28. The least sophisticated consumer would be misled to believe that the convenience fee would only be charged to credit or debit card payments *over the telephone.*

4

29. Upon information and belief, the above interpretation would be incorrect because Defendant charges a convenience fee for all credit or debit card transactions and not just those made over the telephone. *See* Exhibit A.

30. Defendant's statements are false and misleading as to what payment options will result in a convenience fee.

31. Defendant's statements regarding when a convenience fee is charged are material because it may influence how a consumer decides to respond to the collection letter.

## CLASS ALLEGATIONS

32. Plaintiff repeats and re-alleges all factual allegations above.

33. The December 14, 2015 letter is based on a form or template used by Defendant to send collection letters, in the same manner as Defendant did with Plaintiff above (the "Template").

34. Defendant has used the Template to send collection letters to over 40 individuals in the State of New Mexico within the year prior to the filing of the original complaint in this matter.

35. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> All individuals in the State of New Mexico to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a debt, a written correspondence based on the Template.

36. The proposed class specifically excludes the United States of America, the State of New Mexico, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

37. The class is averred to be so numerous that joinder of members is impracticable.

38. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

39. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

40. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

41. Plaintiff's claims are typical of those of the class she seeks to represent.

42. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of each class would require proof of the same material and substantive facts.

43. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

44. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

45. Plaintiff is willing and prepared to serve this Court and the proposed class.

46. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

47. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

48. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

49. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

52. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e

53. Plaintiff repeats and re-alleges each and every factual allegation above.

54. The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e, § 1692e(10).

55. Defendant violated 15 U.S.C. § 1692e by stating in its December 14, 2015 letter that Plaintiff would be charged a $9.50 convenience fee through payments made "by credit/debit card or by check over the telephone . . ." because the least sophisticated consumer would be confused as to whether payment by credit/debit cards are always charged a convenience fee or only charged when the payments are made over the telephone.

56. Defendant violated 15 U.S.C. § 1692e in its December 14, 2015 letter by misleading the consumer as to the identity of the current creditor to whom the Debt was owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(B)

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. The FDCPA prohibits the use of "false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B).

59. Defendant violated § 1692e(2)(B) for stating in its December 14, 2015 letter that payment may be assessed with a $9.50 convenience fee which, upon information and belief, Defendant was not authorized to charge.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(B) with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

60.    Plaintiff repeats and re-alleges each and every factual allegation above.

61.     In the initial communication or within five days thereafter, a debt collector shall send a written notice which meaningfully conveys, "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

62.     Defendant violated § 1692g(a)(2), including by only stating that Comcast was the "original creditor" but failing meaningfully convey the name of the current creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692f(1)

63. Plaintiff repeats and re-alleges each and every factual allegation above.

64. The FDCPA forbids the use of unfair or unconscionable means to collect or attempt to collect a debt, including: "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

65. Defendant violated § 1692f(1) by stating in its December 14, 2015 letter that payment may be assessed with a $9.50 convenience fee which, upon information and belief, Defendant was not authorized to charge.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692f with respect to Plaintiff and the class she seeks to represent;

c) Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) and Rule 23;

g) Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other relief as the Court may deem just and proper.

## TRIAL BY JURY

66. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 8, 2016

    Respectfully Submitted,

    <u>s/Anita M. Kelley</u>
    Anita M. Kelley
    Law Office of Anita M. Kelley
    1121 Fourth Street NW, Suite 1-A
    Albuquerque, NM 87102
    akelley@consumerlawinfo.com
    (505) 750-0265

    Correspondence address:
    Thompson Consumer Law Group, PLLC
    5235 E. Southern Ave., D106-618
    Mesa, AZ 85206