# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

Patricia Chavez,

    Plaintiff,

vs.                                                                                                Case No. 1:16-cv-00558-WJ-KK

Stellar Recovery, Inc.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

THIS MATTER comes before the Court upon Plaintiff's Motion to Enforce Settlement, filed January 12, 2017 (**Doc. 15**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's motion is well-taken and, therefore, is granted.

## BACKGROUND

This case was a putative class action against Stellar Recovery, Inc., ("Defendant") suing for violations of the Fair Debt Collection Practices Act,15 U.S.C. §1692 et seq. ("FDCPA"), in connection with Plaintiff's receipt of a collection letter from Defendant in December 2015. Plaintiff contended that Defendant misled her as to the identity of the creditor to whom the debt was owed. Defendant admitted to sending the letter, but denies that any of the language in the letter was misleading or confusing, or that it violated any provision of the FDCPA.

Parties settled this case in September 2016, *see* Doc. 11 (Notice of Settlement), and sought additional time in which to file the dismissal papers, which were due on December 26, 2016. *See* Doc. 14. Under the written settlement agreement, Defendant is required to pay Plaintiff a total of $15,000.00 over installments from November 5, 2016 to December 5, 2016.

On January 12, 2017, Plaintiff filed this motion to enforce the agreement. According to Plaintiff, Defendant paid the first installment of $7,500.00 in November 2016 but has failed to pay the other $7,500.00 installment which was due on the fifth of December. Multiple efforts by Plaintiff's counsel to contact Defendant's counsel in December 2016 and January 2017 were unsuccessful and went unreturned. Defendant has not responded to Plaintiff's motion, and Plaintiff filed a Notice that briefing was complete on July 26, 2017 (**Doc. 16**).

## DISCUSSION

A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir.1993). Issues involving the enforceability of a settlement agreement are resolved by applying state law. *See United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir.2000); *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) ("Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law.").

In New Mexico, "[p]ublic policy encourages settlement agreements, and the courts have a duty to enforce them." *Envtl. Control, Inc. v. City of Santa Fe*, 2002-NMCA-003, 131 N.M. 450 (Ct.App. 2002). New Mexico courts begin the analysis on enforcement of a settlement agreement "by recognizing and enforcing the strong policy of favoring settlement agreements." *Builders Contract Interiors, Inc. v. Hi-Lo Indus., Inc.*, 139 N.M. 508, 2006-NMCA-053.

Plaintiff has attached as an exhibit a copy of the settlement agreement at issue, which appears to support the facts and representations made in the motion. Because Defendant has not responded to the motion, there are no facts in dispute and therefore no hearing is necessary.

2

*Cmp. U.S. v. Hardage,* 982 F.2d at 1496 (where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing). Further, Defendant's failure to respond provides a basis for granting Plaintiff's motion. *See* D.N.M.LR-Civ.7.1(b) ("the failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Courts "look favorably when parties resolve their disputes, and as a result, hold such agreements in high regard and require a compelling basis to set them aside." *Builders Contract Interiors*, 139 N.M. 508, 511, 2006-NMCA-053, ¶ 7 (N.M.App.,2006). In this case, Plaintiff's request for an Order enforcing the settlement agreement seems reasonable enough, and Defendant—not having responded at all to the motion—has not provided the Court with any reason to set it aside. For these reasons, Plaintiff's motion is therefore GRANTED.

Finally, a Judgment shall be entered separately which includes a provision for post-judgment interest. *See* 28 U.S.C. §1961(a) (allowing interest "on any money judgment in a civil case recovered in a district court").

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE